## COURT OF APPEALS.

*Decisions—January Term, 1848—at the Capitol in the city of Albany.*

MELANCTHON W. DANKS, plaintiff in error, vs. JEREMIAH D. QUACK-ENBUSH, defendant in error.—*Judgment affirmed.* A. TABER, for plaintiff in error; GEORGE F. COMSTOCK, for defendant in error.

The decision in this case affirmed (by an equal division of the judges,) the decision of the Supreme Court, declaring the unconstitutionality of the act of April 11, 1842, extending the exemption of personal property, as to debts contracted before its passage. (Reported, 1 Comstock, 129.)

JOHN FRAZER and others, appellants, vs. HENRY M. WESTERN and others, respondents.—*Decree affirmed.* S. P. STAPLES and GEORGE WOOD, for appellants; CHARLES O'CONOR, for respondents.

This was a bill filed in chancery to set aside an alleged fraudulent voluntary trust deed, given by the husband to a third person, in trust for his wife. The question was, whether Western, who purchased from the wife, according to the conditions and terms of the deed could claim as a *bona fide* purchaser, and be protected. Whether he was bound by the knowledge of the deed being voluntary, to have inquired into the situation of the grantor (who was alleged to have been insolvent,) at the time of its execution. (Reported, 1 Barb. Ch. R. 220.)

JOSEPH BOUCHAUD, ex'r, &c., appellant, vs. JOSEPH LOPEZ DIAS and another, respondents.—*Decree of the Chancellor and Vice-Chancellor reversed and bill dismissed with costs in the Court of Chancery.* EDWARD SANDFORD, for the appellant; JOHN L. MASON and B. F. BUTLER, for respondents.

This case involved the question of the priority of claim of the United States, under an act of Congress, to payment where the insolvent debtor assigned for the benefit of a single creditor, and not for the benefit of creditors generally. (Reported, 1 Comstock, 201.)

CHRISTIAN J. BURCKLE and others, executors, &c., plaintiffs in error, vs. STEPHEN LUCE, defendant in error.—*Judgment affirmed.* This cause was submitted upon printed arguments and points.

This case decided that on the death of a plaintiff, in replevin, the suit abates and cannot be revived by *sci. fa.* The defendant has no remedy in such case upon the replevin bond. (Reported, 6 Hill, 558.)